IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY | § § | |
| V. | § § | CIVIL ACTION NO. 2:07-CV-27 |
| | | JUDGE T. JOHN WARD |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, CARROL THOMAS, SUPERINTENDENT AND FERGUSON PARKER, JR., FORMER BAND DIRECTOR | § § § § § § | |

**DEFENDANTS BEAUMONT INDEPENDENT SCHOOL DISTRICT AND CARROL THOMAS' MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

COME NOW, Defendants Beaumont Independent School District ("BISD") and Carrol Thomas, Superintendent ("Thomas") and file this Motion to Dismiss Suit for Improper Venue, or in the Alternative, Motion to Transfer Venue, pursuant to Federal Rule of Civil Procedure 12(b)(3) and would respectfully show the Court the following:

A. Introduction

1. Plaintiff is Whitney Guillory.

2. Defendants are Beaumont Independent School District, Carrol Thomas, Superintendent, and Ferguson Parker, Jr., former band director ("Parker").

3. On January 23, 2007, Plaintiff sued Defendants in the Eastern District of Texas, Marshall Division. Plaintiff alleges BISD, Thomas, and Parker, violated her due process and equal protection rights under 42 U.S.C. § 1983. Plaintiff also seeks relief against Defendant BISD for alleged violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. In addition, Plaintiff sues Defendants Parker and Thomas for assault and battery.

4. Venue is improper; therefore, the court should dismiss the suit, or in the alternative, transfer the suit to the Beaumont Division of the Eastern District.

B. Argument and Authorities For Motion to Dismiss

5. If the action is filed in an improper judicial district or division, the court may dismiss the action upon timely objection or, in the interest of justice, may transfer the case to a district where the action could have been brought. 28 U.S.C. §1406(a).

6. When the Court's jurisdiction is not premised solely on diversity, as in this case, section 28 U.S.C. 1391(b) determines where venue is proper. Under this provision, venue is proper in a judicial district or division where any defendant resides (if all defendants reside in the same state) or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Venue is not proper in this Court under any provision of 1391(b) because (1) a substantial portion of the events made the basis of this lawsuit, and in fact, all of the events giving rise to this lawsuit, occurred in the Beaumont Division, and (2) defendants are residents of the Beaumont Division.

7. The court should dismiss this case because a substantial part of Plaintiff's claim did not occur in the Marshall Division. *See* 28 U.S.C. §1391(b)(2). The Beaumont Division is the only division which has a substantial connection to the claim. Parker was a band director at Ozen High School which is located in Jefferson County. The actions of Parker while employed at Ozen, which form the basis for Plaintiff's complaint against all three Defendants, did not take place in the Marshall Division, but rather in Jefferson County. Jefferson County is one of the counties which comprise the Beaumont Division. Plaintiff's complaint alleges incidents of inappropriate conduct at the Ozen campus. *Plaintiff's Original Complaint Paragraph 16.*

Plaintiff's complaint also alleges an incident which occurred on December 16, 2004, at Plaintiff's home, which was in Jefferson County. *Plaintiff's Complaint Paragraphs 10, 32.* Plaintiff's complaint alleges that Parker sexually abused Plaintiff off-campus, but there is no allegation of incidents of abuse occurring within the Marshall Division. *Plaintiff's Complaint Paragraph 30.* Plaintiff claims that Defendants BISD and Thomas knew of the alleged sexual relations between Parker and Plaintiff and failed to take action against Parker; specifically, that BISD and Thomas continued to employ Parker at Ozen High School. Thus, any alleged action or failure of action necessarily occurred in the Beaumont Division.

8. The Court should dismiss this case because none of the Defendants reside in the Marshall Division. *See* 28 U.S.C. §1391(b)(1). Defendant BISD, Thomas, and Parker reside in Jefferson County. BISD's office is located at 3395 Harrison Avenue, Beaumont, TX 77706. Defendant Thomas, sued in his capacity as Superintendent, resides at 3395 Harrison Avenue, Beaumont, TX 77706. Defendant Parker resides in Beaumont, TX. Venue in the Marshall Division is improper because all Defendants reside in the Eastern District, Beaumont Division.

C. <u>Arguments and Authorities for Motion to Transfer Venue</u>

9. In the alternative, Defendants seek a Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) from the Eastern District of Texas, Marshall Division, to the more convenient venue of the Eastern District of Texas, Beaumont Division. The Defendants would show that the balance of convenience and justice weighs substantially in favor of transfer.

10. The Court may transfer a suit to any district or division where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. §1404(a). This suit could have been brought in the Eastern District of Texas, Beaumont Division, as a substantial part of the events or omissions giving rise to the claim occurred in

Jefferson County, Texas. 28 U.S.C. §1391(b). Jefferson County is one of the counties which comprise the Beaumont Division. The alleged incidents of abuse which form the basis of this suit occurred at Ozen High School and Plaintiff's home, both in Jefferson County, Texas. *Plaintiff's Original Complaint Paragraphs 10 and 32.* Further, all three Defendants are residents of Jefferson County and subject to the jurisdiction in the Eastern District, Beaumont Division.

11. The goal of 28 U.S.C. § 1404 "is to prevent waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 805, 11 L.Ed. 2d 945 (1964). The decision to transfer venue is within the trial court's sound discretion. *Jarvin Christian College v. Exxon Corporation,* 845 F.2d 523 (5th Cir. 1988). In considering a motion to transfer venue, the Court evaluates several private and public interest factors to ascertain "the convenience of the parties." In re *Volkswagen, AG,* 371 F.3d 201, 203 (5th Cir. 2004). The private factors include: (a) the relevant ease of access to sources of proof; (b) the availability of compulsory process to secure the attendance of witnesses; (c) the cost of attendance for willing witnesses; and (d) all other practical problems that make the trial of the case easy, expeditious and inexpensive. Public interest factors consist of (a) administrative difficulties flowing from court congestion; (b) the local interest in having localized issues decided; (c) the familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary problems with conflict of laws of the application of foreign law.

Private Factors

12. **Relative Ease of Access to Sources of Proof.** Typically, the most important of the above factors is whether substantial inconvenience will be vested upon key witnesses should the court deny transfer." *Mohamed v. Mazda Motor Corp.,* 90 F.2d 757 (E.D.Tex. 2000). As

between party and non-party witnesses, the court is more concerned about the convenience of the forums to the non-party witnesses. Defendant has no knowledge of any non-party witnesses residing in the Marshall Division. Plaintiff's mother, who resides in Beaumont, Texas, may have relevant testimony to the issues in the case. Teachers and administrators from Ozen High School and the Beaumont Independent School District may have relevant testimony. Any such teachers or administrators live in Jefferson County, Texas. These important factors regarding ease of access to witnesses and proof favor transferring the case to the Beaumont Division.

13. **The Availability of Compulsory Process to Secure the Attendance of Witnesses.** The parties may compel any witness who resides in Texas to attend trial, regardless of which Texas district court tries the case. Plaintiff's mother and the teacher and administrators who live in Jefferson County, Texas are within 100 miles of the courtroom in Beaumont but all of these witnesses are more than 100 miles from the courtroom in Marshall. These witnesses could seek to quash any subpoena for being required to travel more than 100 miles from where they reside. *See* Fed. R. Civ. P. 45.

14. **The Cost of Attendance for Willing Witnesses.** All of the witnesses who are currently identified as being relevant to this suit are located within the Beaumont Division of the United States District Court for the Eastern District of Texas. Thus, the cost of attendance for theses witnesses at a trial in Beaumont, Texas, would be significantly less burdensome than said witnesses having to travel to attend trial in Marshall, Texas. This factor weighs in favor of transfer to the Beaumont Division.

15. **All Other Practical Problems that Make the Trial of the Case Easy, Expeditious and Inexpensive.** There is no connection to the Marshall Division. Any witnesses, party and non-party, are located in Jefferson County, which is part of the Eastern District. The

overwhelming location of evidence in the Beaumont Division and the practical problems associated with transporting, coordinating and housing witnesses for trial favors transfer of this case to the Beaumont Division.

Public Factors

16. **The Administrative Difficulties Caused by Court Congestion.** There is no evidence that the Beaumont Division is significantly more congested than the Marshall Division. This element is neutral.

17. **The Local Interest in Adjudicating Local Disputes.** The citizens of Beaumont have a more acute interest in adjudicating this matter because this case involves a school district which serves the citizens of Beaumont, not the citizens of Marshall. This factor weighs in favor of transfer to the Beaumont Division.

18. **The Familiarity of the Forum with the Law that Will Govern the Case.** Both forums are familiar with the applicable law. This factor is neutral.

19. **The Avoidance of Unnecessary Problems and Conflicts of Law.** There is no conflict of law between the Marshall Division and the Beaumont Division of the Eastern District of Texas. This factor is neutral.

20. The preponderance of the factors indicate that this case should have been filed in the Eastern District of Texas, Beaumont Division, and that the case should be transferred to that division. The Defendants would show that the balance of convenience and justice weighs substantially in favor of transferring this case to the Beaumont Division.

### D. Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants Beaumont Independent School District and Carrol Thomas, Superintendent, respectfully pray that this case be dismissed for improper venue, or in the alternative, transferred to the Beaumont Division of the Eastern District of Texas.

Respectfully submitted,

WELLS, PEYTON, GREENBERG
    & HUNT, L.L.P.

By: *Melody G. Chappell*
Melody G. Chappell
ATTORNEY-IN-CHARGE
Texas State Bar No. 00785096
Frances Broussard
Texas State Bar No. 24055218
P.O. Box 3708
Beaumont, Texas 77704
Tel. (409) 838-2644
Fax: (409) 838-0416

ATTORNEYS FOR DEFENDANTS
BEAUMONT INDEPENDENT SCHOOL
DISTRICT AND CARROL THOMAS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows:

*VIA E-FILE NOTIFICATION*
Mr. Timothy B. Garrigan
Stuckey, Garrigan & Castetter
P.O. Box 631902
Nacogdoches, Texas 75963-1902
*Attorney for Plaintiff*

DATED: February 7, 2007.

*Melody G. Chappell*
MELODY G. CHAPPELL

## CERTIFICATE OF CONFERENCE

Melody G. Chappell certifies that she has spoken with Timothy B. Garrigan, counsel for Plaintiff, regarding the Motion To Dismiss For Improper Venue Or, In The Alternative, Motion To Transfer Venue, and Mr. Garrigan stated that he is opposed to this motion.

_____
Melody G. Chappell

# VERIFICATION

STATE OF TEXAS &sect;
COUNTY OF JEFFERSON &sect;

Before me, the undersigned Notary Public, on this date, personally appeared Melody G. Chappell, who, after being duly sworn, stated under oath that she is the attorney in charge for Defendants Beaumont Independent School District and Carrol Thomas in this action and is authorized to make this verification; that she has read Defendants Beaumont Independent School District and Carrol Thomas' Motion To Dismiss For Improper Venue Or, In The Alternative, Motion To Transfer Venue; and that statements contained in Defendants Beaumont Independent School District and Carrol Thomas' Motion To Dismiss For Improper Venue Or, In The Alternative, Motion To Transfer Venue are within her personal knowledge and true and correct.

*Melody G. Chappell*
Melody G. Chappell
Attorney for Defendants
Beaumont Independent School District and
Carrol Thomas

SUBSCRIBED AND SWORN UNTO AND BEFORE ME on February 7, 2007.

*Karen McClanahan*
NOTARY PUBLIC, STATE OF TEXAS

KAREN McCLANAHAN
Notary Public, State of Texas
My Commission Expires
NOV. 5, 2010