```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       MARSHALL DIVISION

WHITNEY GUILLORY                    §
                                    §
        Plaintiff                   §
                                    §
v.                                  §   CIVIL NO. 2:07cv027
                                    §
BEAUMONT INDEPENDENT                §
SCHOOL DISTRICT                     §   JURY DEMANDED
and                                 §
CARROL THOMAS, Superintendent       §   JUDGE WARD
and                                 §
FERGUSON PARKER, JR.,               §
Former Band Director                §
                                    §
        Defendants                  §
```

## AMENDED COMPLAINT

Comes now Plaintiff Whitney Guillory who for her Complaint states as follows:

**I**

## Preliminary Statement

1. Plaintiff Whitney Guillory, a young woman who, as a young high school student, was sexually abused over a period of almost two years by her high school Band Director in violation of her Constitutional substantive due process and equal protection rights, statutory rights provided by 20 U.S.C. § 1681 (a) ("Title IX"), and rights protected by the common law of the State of Texas, brings this lawsuit against those responsible for the sexual abuse. Plaintiff Whitney Guillory brings substantive due process and equal protection claims against Defendants Beaumont Independent School District ("BISD"), its Superintendent Carrol Thomas, and its (now

former) Band Director Ferguson Parker, Jr.. Thomas and Parker are sued for these claims in their individual and official capacities. Plaintiff asserts claims pursuant to Title IX against Defendant BISD only. Plaintiff also asserts pendent state common law assault claims against Defendant Ferguson Parker, Jr., and against Defendant Superintendent Carroll Thomas for his assisting and participating in the assaults by Parker, in their individual capacities.

2. Plaintiff brings her constitutional claims

for violations of her substantive due process and equal protection rights pursuant to 42 U.S.C. § 1983, her Title IX claims are brought pursuant to a judicially recognized implied cause of action, and her assault claims are brought pursuant to the state common law of the State of Texas.

3. Plaintiff Whitney Guillory seeks to vindicate her rights along with declaratory relief and compensatory and punitive damages together with a reasonable attorney fee as authorized by 42 U.S.C. §1988.

## II

### Jurisdiction

4. Jurisdiction over Plaintiff's claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(3). Federal question jurisdiction over Plaintiff's Title IX claims is also conferred on this Court by 28 U.S.C. §1331 because

this action arises under the Constitution and laws of the United States.

5. Plaintiff's state law claims are asserted under this Court's pendent jurisdiction as expanded by 28 U.S.C. §1367.

## III

## Parties

### Plaintiff

6. Plaintiff Whitney Guillory is and was at all times relevant hereto a citizen of the United States and a resident of Jefferson County, Texas. She was born January 27, 1987.

### Defendants

7. Defendant BISD is located within the boundaries of the Eastern District of Texas. It is Defendant BISD's responsibility and duty to promulgate and implement rules and regulations preventing school employees from sexually abusing students. It is also Defendant BISD's responsibility and duty to hire, fire, discipline, train and supervise its employees. It is also Defendant BISD's responsibility and duty not to act with deliberate indifference to the right of Plaintiff Guillory to not be sexually abused by Defendant BISD's employees. It is Defendant BISD's responsibility and duty not to hire, reinstate or retain band directors with a known propensity for sexually abusing school children. Finally, as a recipient of federal financial assistance, Defendant BISD is obligated to protect its students from sex discrimination,

including sexual abuse and harassment. Defendant BISD can be served through its Board of Directors' President, Martha Hicks, at 3395 Harrison Ave. in Beaumont, Texas.

8. Defendant Carrol Thomas is the Superintendent for Defendant BISD and had the authority to address the sex abuse/harassment/sex discrimination complained of herein. It is Defendant Thomas' responsibility and duty to promulgate and implement rules and regulations preventing school employees from sexually abusing students. It is also Defendant Thomas' responsibility and duty to hire, fire, discipline, train and supervise Defendant BISD's employees, including Defendant Parker. It is also Defendant Thomas' responsibility and duty not to act with deliberate indifference to the right of Plaintiff Guillory not to be sexually abused by Defendant BISD's employees. Finally, it is Defendant Thomas' responsibility and duty not to hire, retain or reinstate band directors with a known propensity for sexually abusing school children. Defendant Thomas also has an obligation to not assist and participate in Defendant Parker's assaults on others, including Plaintiff Whitney Guillory. Defendant Thomas can be served at his place of business, 3395 Harrison Ave. in Beaumont, Texas.

9. Defendant Ferguson Parker, Jr. was a high school Band Director, a position equivalent to that of teacher, employed by Defendant BISD. It was his responsibility and duty to comply with the rules and regulations promulgated by Defendant BISD and to

comply with minimum constitutional requirements, including the constitutional requirement that he not sexually abuse school children. Defendant Parker also has an obligation to not assault others, including Plaintiff Whitney Guillory. Defendant Parker is being represented in other matters, though not in this lawsuit, by the Hawthorn & Hawthorn law firm in Beaumont, Texas, and he has agreed to accept service by mail sent to him in care of the Hawthorn firm, at 485 Milam at Park, Beaumont, Texas 77701.

## IV

## Facts

### Background and Ongoing Sex Scandal at Defendant BISD

10. Plaintiff Guillory first met Defendant Parker in 2001 when she was a 14-year old freshman at Defendant BISD's Ozen High School. Plaintiff played clarinet and Defendant Parker was the School Band Director.

11. Although Defendant Parker was at times referred to as a Band Director or Interim Band Director among other titles, he was for all practical purposes relevant to this lawsuit the equivalent of a high school teacher at Defendant BISD's Ozen High School from the time Plaintiff began as a freshman in 2001 until December, 2004, her senior year.

12. Another BISD Band Director has also been suspended from teaching duties in order to face prosecution, having been charged with rape in Louisiana.

13.     Defendant Parker is a sexual predator who preys on young students. Defendant BISD hired Plaintiff Parker without conducting an adequate background check and employed him without adequately supervising his conduct toward school children.

14.     During Plaintiff's freshman year Defendant Parker was criminally charged for having exposed himself to a 13 year old student at Defendant BISD's King Middle School and for having sexual intercourse with 15 and 16 year old students at Defendant BISD's King Middle School and Ozen High School, respectively.

15.     Defendants BISD and Thomas were aware of these allegations, charges and indictment very shortly after Defendant Parker was charged and indicted, well before Defendant Parker began to sexually abuse Plaintiff Guillory.

16. During Plaintiff Guillory's freshman year at Ozen High, it was obvious that Defendant Parker was already directing inordinate and inappropriate attention and favoritism to Plaintiff Guillory, such that others reported it to Defendants BISD and Superintendent Thomas (and to other authorities) along with the suspicion that Defendant Parker might already be having inappropriate relations with her. In light of the other allegations and charges involving sexual abuse of students by Defendant Parker, these reports certainly put Defendants BISD and Thomas on actual notice that Defendant Parker posed a substantial risk and threat of sexual

abuse to students in general and to Plaintiff Guillory in particular.

17. While Plaintiff was in high school, Defendants BISD and Thomas reportedly tolerated highly inappropriate sexual conduct by school staff. Published reports indicate that during 2001 an Ozen staff member (assistant coach and supervisor of in-school suspension) was part of a "sex club" in which he and some school football players performed sex acts on 9th and 10th grade girls at the high school in front of other club members. These activities were overlooked by Defendants BISD and Superintendent Thomas, contributing to the sexually charged atmosphere at Ozen High.

18. From 2001 through 2005 Defendants BISD and Superintendent Thomas reportedly were permitting a sex offender, convicted of aggravated sexual assault on a sixteen year old, to participate in football practices.

19. Also, Defendants BISD and Superintendent Thomas reportedly employed a football coach who had been arrested in 1979 for raping a 13 year old junior high student. Defendants BISD and Superintendent Thomas have recently transferred that coach to BISD's Smith Middle School.

20. Reportedly while Plaintiff attended Ozen High, one of Defendant BISD's approved substitute teachers had been sentenced to eight years for brutally raping a 16 year old girl.

21. In response to these events Defendants BISD and Superintendent Thomas took either no action at all or actions so empty and slight as to reflect their deliberate indifference to the rights of school children, including Plaintiff. These Defendants did **not** take action reasonably and obviously necessary to stop and prevent the sexual abuse of Plaintiff and other Defendant BISD students.

22. Recent additional reported events suggest that Defendant BISD's employees still think that Defendants BISD and Superintendent Thomas will tolerate sexually inappropriate behavior at school. For instance, several Defendant BISD coaches were recently reported to have been watching a pornographic video at school on school equipment.

23. Defendant BISD's board of trustees vice-president was recently quoted being dismissive of the seriousness of sex scandals at Defendant BISD, saying, "It happens at all school districts" and indicating that sexually abusive employees will not be removed until they "get out of hand."

24. Since the time Plaintiff Guillory attended Defendant BISD's Ozen High School and well before she was sexually abused by Defendant Parker, the contours of her substantive due process right to be free from sexual abuse by school employees were clearly established. *See Doe v. Taylor ISD*, 15 F.3d 443, 455 (5th Cir. 1997)(*en banc*).

**What Happened in this Case**

25.  While Defendant Parker was being criminally prosecuted for his prior sexual abuse of BISD school children during the latter part of Plaintiff Guillory's freshman year and earlier part of her sophomore year (see ¶ 12, above), Defendant BISD did suspend his employment.  During Plaintiff's sophomore year when the prosecutors failed to prove Defendant Parker's guilt beyond a reasonable doubt, Defendants BISD and Thomas reinstated Defendant Parker without any restriction, safeguard, or adequate supervision of his contact with Plaintiff Guillory and other students.

26.  Defendants BISD and Thomas' decision to reinstate Defendant Parker under those circumstances was contrary to legal advice, any notion of common sense, and constituted gross negligence and a deliberate indifference to the rights of Plaintiff Guillory and other Defendant BISD students.  This official decision not only reflects a failure and refusal to take immediate, appropriate, obvious and necessary action to remedy the situation, but represents an affirmative action that made the sexual abuse by Defendant Parker possible and more likely to occur.

27.  Defendant Thomas' actions and inactions in this regard were not only a breach of his obligation to protect Plaintiff Guillory from sexual abuse, but were also of substantial assistance to Defendant Parker and a substantial factor in his sexual abuse of Plaintiff Guillory.

28. Regardless of the other allegations, charges and prosecutions against him, Defendant Parker continued to pay inordinate and inappropriate attention to Plaintiff Guillory. Being very young, inexperienced and naive, Plaintiff Guillory was flattered by the attention from the older, popular band director. Emboldened and empowered by his reinstatement, Defendant Parker abused his position with Defendant BISD to gain Plaintiff Guillory's trust and then began sexually abusing her later in her sophomore year at Ozen High School.

29. It was obvious to any school official who had as much sense as God gave a goose that Defendant Parker had an inappropriate relationship with Plaintiff Guillory and posed a significant threat to Plaintiff Guillory.

30. Under the figurative noses of Defendants BISD and Thomas, Defendant Parker was able to repeatedly and persistently sexually abuse Plaintiff during the latter part of her sophomore year until December of her senior year. During many school days Defendant Parker was regularly able to mark Plaintiff present for attendance purposes when, in fact, he was sexually abusing her off-campus. He would then arrange for her to arrive late to other classes without the absence or lateness being documented by other teachers.

31. Defendant Parker's sexual abuse of Plaintiff Guillory constituted sexual assaults that caused, and/or continue to cause,

Plaintiff Guillory to suffer physical, emotional and/or mental harm and interfered with her education.

32. Finally, at about 11:00 a.m. on December 16, 2004, when Defendant Parker and Plaintiff Guillory should have been at school during Plaintiff's senior year, Plaintiff's mother returned home to find Defendant Parker cowering partially undressed on the floor in Plaintiff's bedroom closet. She called the police and the school to report the incident.

33. After Defendant Parker was caught by Plaintiff's mother, Defendant Superintendent Thomas summoned Plaintiff and her parents to a meeting where Thomas tried to convince them to keep quiet and dissuade them from taking any action because, among other things, "the media will make a black man (Parker) look bad." Plaintiff's parents were infuriated by Defendant Superintendent Thomas' attitude and Plaintiff has pursued criminal, and this civil, prosecution.

34. Defendant Parker has been charged with, and is being prosecuted for, three felony violations arising from his sexual abuse of Plaintiff.

35. At all times relevant to this case, educators, including Defendants, have known that a student suffers extraordinary harm when she is subjected to sexual harassment and abuse by one of her educators, and that the educator's conduct is reprehensible and undermines the basic purposes of the educational system.

36.  Defendants BISD and Superintendent Thomas' actions and omissions described above represent customs and policies of tolerating sexual abuse of students by school personnel and of deliberate indifference to the constitutional rights of students to not be sexually abused by school personnel, which in turn, resulted in Defendant Parker's sexual abuse of Plaintiff.

37.  These actions, omissions, customs and policies were a proximate cause of Defendant Parker sexually abusing Plaintiff Guillory.

38.  All of the described acts and omissions of the individual defendants were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Whitney Guillory rendering appropriate the award of punitive damages.

**Miscellaneous**

39.  All defendants were acting under color of state law at all times relevant hereto.

V

**Causes of Action**

**Federal Causes of Action**

**First Cause of Action**

40.  The facts set out above amount to the deprivation of a liberty interests protected by the substantive due process component of the Fourteenth Amendment and equal protection rights also guaranteed by

the Fourteenth Amendment for which redress is provided by 42 U.S.C. §1983.

41. Defendants BISD, Superintendent Thomas and Parker are jointly and severally liable for the damages resulting from the violations of Plaintiff's constitutional rights under well-established theories of liability.

42. Defendants Parker and Thomas' wrongful acts set out above were willful, wanton, and intentional rendering appropriate the award of punitive damages against Defendants Parker and Thomas, in their individual capacities.

### Second Cause of Action

43. The facts set out above give rise to an implied cause of action for damages and declaratory relief under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq.

44. Plaintiff sues only Defendant BISD for violations of Title IX.

### Third Cause of Action

45. The facts set out above give rise to state law claims of assault and battery against Defendant Parker and against Defendant Thomas for his assisting and participating in the assaults.

46. Defendants Parker and Thomas' wrongful acts set out above were willful, wanton, and intentional rendering appropriate the award of punitive damages against them in their individual capacities.

## VI

### Jury Demand

47.  Plaintiff demands a trial by jury on all issues so triable.

## VII

### Prayer for Relief

48.  WHEREFORE PLAINTIFF PRAYS that this Honorable Court:

   a.   Enter judgment in behalf of Plaintiff Whitney Guillory against Defendants Beaumont ISD, Thomas and Parker jointly and severally, for compensatory damages in an amount sufficient to compensate Plaintiff Whitney Guillory for her actual damages;

   b.   Enter judgment in behalf of Plaintiff Whitney Guillory against Defendants Thomas, and Parker, separately in their individual capacities, for punitive damages in an amount sufficient to punish Defendants Thomas and Parker for their misconduct in the case at bar an in an amount sufficient to deter Defendants Thomas and Parker and others from doing the same thing to someone else;

   c.   Enter a declaratory judgment in favor of Plaintiff Guillory and against Defendant BISD, declaring that Defendant BISD has been acting in violation of Title IX's prohibition against discrimination, including sexual abuse;

   d.   Enter declaratory relief in favor of Plaintiff Guillory and against all defendants, declaring that the defendants have violated Plaintiff Guillory's constitutional rights;

   e.   Grant Plaintiff a reasonable attorney fee against all defendants, jointly and severally, as authorized by 42 U.S.C. § 1988;

   f.   Grant Plaintiff a trial by jury on all issues so triable; and

    g.    Grant Plaintiff any and all additional relief to which she may appear to be entitled including pre-judgment interest, post-judgment interest and their costs herein expended.

Respectfully submitted,

/S/ TIMOTHY B. GARRIGAN
_____
Timothy B. Garrigan
Attorney in Charge for Plaintiff
Bar Card No. 07703600

Stuckey, Garrigan & Castetter
   Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
936-560-6020   FAX: 936-560-9578
[tim@sgclaw.org](mailto:tim@sgclaw.org)

## CERTIFICATE OF SERVICE

I hereby certify that I have served all parties of record in this case including the following with a true and correct copy of the foregoing Amended Complaint by sending same electronically and/or via FAX/hand delivery/U. S. mail, postage prepaid:

   Melody G. Chappell   FAX 409-838-4713
   Wells, Payton, Greenberg & Hunt
   P.O. Box 3708
   Beaumont TX 77704

   Ferguson Parker, Jr.
   5750 Sunbird
   Beaumont TX 77708

on this the 16th day of February, 2007.

/S/ TIMOTHY B. GARRIGAN
_____
Timothy B. Garrigan