IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY | § § | |
| V. | § § | CIVIL ACTION NO. 2:07-CV-27 |
| | | JUDGE T. JOHN WARD |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, CARROL THOMAS, SUPERINTENDENT AND FERGUSON PARKER, JR., FORMER BAND DIRECTOR | § § § § § § | |

### DEFENDANTS BEAUMONT INDEPENDENT SCHOOL DISTRICT AND CARROL THOMAS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

COME NOW, Defendants Beaumont Independent School District ("BISD") and Carrol Thomas, Superintendent ("Thomas") and file this Reply to Plaintiff's Response in Opposition to Defendants BISD and Thomas' Motion to Dismiss Suit for Improper Venue, or in the Alternative, Motion to Transfer Venue, and would respectfully show the Court the following:

A. Introduction

1. On February 16, 2007, Plaintiff filed a Response in Opposition to Defendants BISD and Thomas' Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue.

2. Plaintiff alleges that venue is proper in Marshall because 28 U.S.C. 1391(b) provides for district-wide venue. Plaintiff also alleges that Defendant's failed to meet their burden to show that the factors weigh substantially in favor of transfer.

## B. Improper Venue

3. Plaintiff's argument solely focuses on whether venue in this case lies in the proper "district" as opposed to "division." *See* Plaintiff's Response in Opposition to Defendant's BISD and Thomas' Motion to Dismiss for Improper Venue Or, in the Alternative, Motion to Transfer Venue, pg. 2. As previously cited Defendant, 1406(a) directs that "a case laying in the wrong division or district shall [be] dismissed" or transferred if it is in the interest of justice. *See* 28 U.S.C. § 1406(a).

4. Aside from Plaintiff's argument that the Eastern District of Texas is a proper district, Plaintiff fails to offer any legal argument or evidence supporting that the Eastern District of Texas, Marshall Division, is a proper "division." As alternatively pled by Defendant, the Eastern District of Texas, Beaumont Division, is a proper "division" at a minimum, and 1406(a) directs that Plaintiff's case shall either dismissed or transferred because it lies in an improper "division" of the Eastern District of Texas. *See* 28 U.S.C. §1406(a). Defendant requests transfer of the case to the Eastern District of Texas, Beaumont Division since there exists no legal argument or evidence substantiating venue in the Marshall Division of the Eastern District of Texas.

5. When a defendant raises an objection to venue, the burden is on the plaintiff to sustain venue. *Hewlett-Packard Co. v. Byd:Sign, Inc.*, 2006 WL 2822151 (E.D.Tex. 2006); *See Youman v. Newfield Exploration Co.*, 977 F.Supp. 809, 810 (E.D.Tex.1997); *Langton v. Cbeyond Communication, L .L.C.*, 282 F.Supp.2d 504, 508 (E.D.Tex.2003); *McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D.Tex.2001). In her Response, Plaintiff's only argument is that district-wide venue is proper; she offers absolutely no legal or factual justification for basing venue in the Marshall Division. Plaintiff has failed to show that venue is proper in the Marshall Division.

### C. Transfer of Venue

6. As previously set forth, Plaintiff has no legal relationship and there exists no factual justification for filing this lawsuit in the Marshall Division of the United States District Court for the Eastern District of Texas. While Plaintiff is correct in asserting that deference is ordinarily given to Plaintiff's choice of forum, the significance of this choice may be greatly reduced if the "action has relatively little relationship to the chosen forum." *Andrade v. Choinacki*, 934 F.Supp. 817, 832 (S.D. Tex. 1996).

7. Plaintiff continually argues that the inconvenience of travel from Beaumont is "minor." "[V]enue is considered convenient in the district or division where the majority of witnesses are located." *Mohammed v. Mazda Corp.*, 90 F.Supp. 757, 774-75 (E.D. Tex. 2000), citing *Robertson v. Kiamichi,* 42 F.Supp.2d 651, 657 (E.D. Tex. 1999); *see Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993). Plaintiff has failed to identify any witnesses located within the Marshall Division. There is no justification for all witnesses, party and non-party, to travel to the Marshall Division, when all of the witnesses are located in the Beaumont Division.

### D. Conclusion

8. Plaintiff's have failed to carry their burden of showing that venue is proper in the Marshall Division. Furthermore, the balance of convenience and justice weighs substantially in favor of transfer because there are no legal or factual justifications for sustaining venue in Marshall.

WHEREFORE, PREMISES CONSIDERED, Defendants Beaumont Independent School District and Carrol Thomas, Superintendent, respectfully pray that this case be dismissed for

improper venue, or in the alternative, transferred to the Beaumont Division of the Eastern District of Texas.

Respectfully submitted,

WELLS, PEYTON, GREENBERG
& HUNT, L.L.P.

By: *Melody G. Chappell*
Melody G. Chappell
ATTORNEY-IN-CHARGE
Texas State Bar No. 00785096
Frances Broussard
Texas State Bar No. 24055218
P.O. Box 3708
Beaumont, Texas 77704
Tel. (409) 838-2644
Fax: (409) 838-0416

ATTORNEYS FOR DEFENDANTS
BEAUMONT INDEPENDENT SCHOOL
DISTRICT AND CARROL THOMAS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows:

*VIA E-FILE NOTIFICATION*
Mr. Timothy B. Garrigan
Stuckey, Garrigan & Castetter
P.O. Box 631902
Nacogdoches, Texas 75963-1902
*Attorney for Plaintiff*

*VIA CM,RRR*
Mr. Ferguson Parker
5750 Sunbird
Beaumont, Texas 77708
*Pro Se*

DATED: February 22, 2007.

*Melody G. Chappell*
MELODY G. CHAPPELL

## CERTIFICATE OF CONFERENCE

     Melody G. Chappell certifies that Timothy B. Garrigan, counsel for Plaintiff, stated that he is opposed to the Defendants Beaumont Independent School District and Carrol Thomas' Reply To Plaintiff's Response In Opposition To Defendants' Motion To Dismiss For Improper Venue Or, In The Alternative, Motion To Transfer Venue

                                              /s/ Melody G. Chappell
                                              Melody G. Chappell