IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY<br>　　*Plaintiff* | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 9:07-CV-163 |
| | § | |
| BEAUMONT INDEPENDENT<br>SCHOOL DISTRICT<br>and<br>DR. CARROL THOMAS, Superintendent<br>and<br>FERGUSON PARKER, JR.,<br>Former Band Director<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JUDGE THAD HEARTFIELD |

## JOINT MOTION TO STAY AND PROTECTION

COMES NOW Defendants Beaumont Independent School District ("BISD") and Carrol Thomas ("Thomas") and Plaintiff, Whitney Guillory ("Guillory"), parties in this lawsuit, and move jointly under Rules 16 and 26 the Court to stay the civil proceedings until further order by the Court.

I.

As shown in paragraph 34 of the Complaint, Defendant Ferguson Parker ("Parker") has been indicted by a Jefferson County grand jury for his alleged "conduct with Guillory."

II.

Until the conclusion of the criminal proceedings, it is anticipated that Parker will assert his Fifth Amendment privilege against self-incrimination in the parallel civil proceedings. To avoid a penalty for exercising this fundamental constitutional right, "When the criminal investigation or prosecution parallels the ongoing civil action, the Fifth Circuit, using a balancing approach, has determined the appropriate remedy is a stay of discovery that might expose the party to a risk of self-incrimination." *Brumfield v. Shelton*, 728 F.Supp. 282, 284 (E.D. La. 1989), *citing, Wehling v.*

*Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979), *reh'g denied*, 611 F.2d 1026, 1027 (5th Cir. 1980). *See also, United States v. Kordel*, 397 U.S. 1, 8-9, 90 S.Ct. 767-68 (1970) (assuming without deciding that "in such a case the appropriate remedy would be a protective order...postponing civil discovery until termination of the criminal action.").

III.

Defendants Thomas and BISD assert that discovery from Parker will be an essential part of their preparation for trial in this matter. Inability to conduct such discovery will prejudice Defendants Thomas and BISD. Pursuant to Rules 16 and 26, the parties move the Court to delay initial disclosure obligations of the parties BISD, Thomas, and Guillory. Movants request the Court to order exchange of disclosures by November 5, 2007. Further, Movants will respond to any outstanding discovery requests that are not duplicative of their disclosure obligations on or before December 20, 2007.

IV.

The criminal case against Parker is set for trial on October 29, 2007. Attached as Exhibit A is a certified copy of the Notice of Resetting, setting the criminal case for trial on October 29, 2007. Accordingly, stay of the civil proceedings against Parker would be shorter than those granted in *Brumfield* and *Wehling* and Plaintiff would not be prejudiced.[1]

---

[1] Importantly, the parties granted protection in *Brumfield* and *Wehling* had not been actually indicted. *Brumfield*, 727 F.Supp at 284 ("...Shelton is a target of a grand jury investigation in the Western District of Louisiana."); *Wehling*, 608 F.2d at 1086 ("On the date plaintiff took plaintiff's oral deposition, Wehling's counsel stated that he had reason to believe that the grand jury investigation was continuing, that Wehling was a target of the investigation, and that CBS had been cooperating with the United States Attorney's office and the Attorney General of Texas."). Accordingly, the district court in *Brumfield* and the fifth circuit in *Wehling* directed stays for up to several years until the applicable criminal law statutes of limitations would expire. *Brumfield*, 727 F.Supp. at 285 ("This case is STAYED pending resolution of the related criminal matter against Shelton, or until the appropriate limitations period has run, whichever is earlier."); *Wehling*, 608 F.2d at 1089 ("...the case is remanded so that the court may enter a protective order staying further discovery until the applicable statute of limitations has run."). Our case presents more immediate reasons for a stay because Parker has been indicted and the criminal case against him is actually set for trial.

V.

This motion is not filed for delay, but in the interest of justice.

WHEREFORE, PREMISES CONSIDERED, Defendants BISD and Thomas and Plaintiff Guillory move and pray as follows:

1. that the above and foregoing motion be granted;

2. that until further order by the Court (a) this civil proceedings be stayed pending final conclusion of the criminal proceedings and/or further Order from the Court, and (b) that the Court stay all disclosure and discovery other than that provided above; and

3. that the Court grant Movants all such other and further legal and equitable relief as to which they may show themselves to be justly entitled.

DATED October 10, 2007.

>    Respectfully submitted,
>
>    WELLS, PEYTON, GREENBERG &
>        HUNT, LLP
>
>    By: /s/ *Melody G. Chappell*
>        Melody G. Chappell
>        Attorney-in-Charge
>        Texas Bar No. 00785096
>        Francis Broussard
>        Texas Bar No. 24055218
>        550 Fannin Street, Sixth Floor
>        Beaumont, Texas 77701
>        Telephone:  (409) 838-2644
>        Fax: (409) 838-4713
>
>    ATTORNEYS-IN-CHARGE FOR DEFENDANTS
>    BEAUMONT INDEPENDENT SCHOOL
>    DISTRICT AND DR. CARROLL THOMAS

STUCKEY, GARRIGAN & CASTETTER

By: /s/ *Timothy B. Garrigan*
    Timothy B. Garrigan
    Texas Bar No. 07703600
    P.O. Box 631902
    Nacogdoches, Texas 75963-1902
    Tel: (936) 560-6020
    Fax: (936) 560-9578

ATTORNEY-IN-CHARGE FOR PLAINTIFF,
WHITNEY GUILLORY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows:

*VIA E-FILE NOTIFICATION*
Mr. Timothy B. Garrigan
Stuckey, Garrigan & Castetter
P.O. Box 631902
Nacogdoches, Texas 75963-1902
*Attorney for Plaintiff*

*VIA CM,RRR*
Mr. Ferguson Parker
5750 Sunbird
Beaumont, Texas 77708
*Pro Se*

DATED: October 10, 2007.

                                                /s/ *Melody G. Chappell*
                                                MELODY G. CHAPPELL