IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL NO. 9:07cv163 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT | § | JURY DEMANDED |
| and | § | |
| CARROL THOMAS | § | |
| and | § | JUDGE HEARTFIELD |
| FERGUSON PARKER, JR. | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S SUR-REPLY REGARDING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

This Sur-Reply is in response to the Defendants' Reply to Plaintiff's Response in Opposition to the Defendants' Motion for Summary Judgment (Doc. 39) ("Reply"), filed 04/22/2008. Please read this Sur-Reply in conjunction with the Plaintiff's Summary Judgment Response (Doc. 36) ("Response").

**I**

**Introduction**

The Defendants' Reply is more notable for not addressing the issues, evidence and law raised in the Plaintiff's Response than for what the Reply does address. Defendants' Reply does not address or dispute: their distorted presentation of the evidence; the evidence of their actual notice and knowledge of the substantial risk of sexual abuse posed by Parker's reinstatement;

their irrational argument that their conduct in 2001 somehow negates their deliberate indifference in 2003; or their unsubstantiated claims that Parker had been "exonerated" and had a contractual right to reinstatement.  Defendants' Reply also fails to in any way substantiate their conclusory arguments that their policies and practices, or alleged admonishments, terms and conditions attendant to Parker's reinstatement, were intended to protect Guillory or any other students from sexual abuse by BISD staff.  These Defendants rely on only their own denials that they had actual notice of the "relationship" between Parker and Guillory and ignore the law indicating that liability turns on their actual notice of the <u>risk</u> of sexual abuse, of which there is considerable evidence in this case.  The Reply does concede, but does not explain, these Defendants' failure to timely disclose relevant records.  In continuing to argue for qualified immunity Defendant Thomas relies on a self-serving characterization of his conduct as "merely inept, erroneous, ineffective or negligent" and fails to acknowledge the clearly established law recognizing a student's constitutional right to be free from sexual abuse by public school teachers.

**II**

**Defendants' Motion Presented a Distorted and
Selective View of the Facts**

Defendants' Reply does not contest that, or provide an explanation why, it presented a selective and distorted view of the

evidence when summary judgment law requires that the evidence be viewed in the light most favorable to the non-moving party. In their Reply these Defendants continue to ignore the substantial evidence supporting their liability.

### III

### **Defendants' Inadequate Disclosures**

The Defendants' Reply essentially concedes that they failed to meet their disclosure obligations and do not contest that this tactic continues to prejudice the Plaintiff. Reply at p. 5. The Defendants admit, but offer no explanation for why, they withheld 293 pages of disclosure until after the inadequacy of the disclosures was pointed out to the Court. It should also be noted that these 293 pages of documents, some of which may be relevant, do not cover the categories in Plaintiff's counsel's letter of February 5, 2008 (Exhibit 7 to Plaintiff's Response).

### IV

### **Defendants Had Actual Notice of the Substantial Risk of Defendant Parker Sexually Abusing Plaintiff Guillory**

The Defendants' Reply fails to address or contest any of the evidence that these Defendants had actual knowledge and notice of the substantial risk that Defendant Parker would sexually abuse students in general and Plaintiff in particular. Instead, the Defendants continue to argue, without explanation, only that they lacked actual notice of the specific "relationship" between Parker and Guillory, as it was occurring. The Reply fails to cite any

3

case law supporting such an impossible burden and fails to address the case law indicating that liability only requires that they have actual knowledge of a substantial risk. Rosa H. v. San Elizario ISD, 106 F.3d 648, 659 (5th Cir. 1993).

The Defendants' Reply does include an artfully drafted and self-serving Affidavit of Carrol A. Thomas. At most, this Affidavit disputes the sworn testimony of Plaintiff and her parents, creating a material dispute about whether Defense counsel and Defendant Thomas discussed her advice to not reinstate Parker because he posed a risk of sexually abusing students, including Guillory. It should also be noted that this affidavit by Thomas is a little too clever and too artful in that it only denies that Defense counsel made those statements in the presence of the witnesses, it does not in any way deny that Defense counsel had also on other occasions put Thomas and BISD on specific notice of the substantial risk that Defendant Parker posed to Guillory if Parker was reinstated.

The Defendants' Reply continues to argue that their actions in 2001 somehow preclude their being deliberately indifferent when they reinstated Parker in 2003. The Reply contains no explanation for this irrational leap. The Defendants' Reply, including the second Affidavit of Thomas, fails to in any way substantiate the Defendants' conclusory statements that Defendant Thomas had discussed Parker's terms and conditions of reinstatement, or that

4

Thomas admonished Parker, or that there was any link between a female band director and protection of students from Parker's sexual abuse.

The Defendants' Reply makes no argument that its "Policy 4040" prohibits teachers from seducing students. The Reply refers to no evidence that the policy was ever used in a manner to protect students from such sexual abuse. Defendants' Reply includes no evidence or records reflecting any effort to protect school children from sex abuse through the Defendants' hiring, firing, discipline, training or supervision policies or practices. The Reply also provides no evidentiary support for these Defendants' argument that BISD regularly seeks and offers training on addressing and preventing sexual harassment.

The Defendants' Reply also fails to offer any evidentiary support or other substantiation for their argument that their "figurative hands" were tied because Parker was a contractual teacher entitled to reinstatement. These Defendants have produced absolutely no evidence that Parker was the subject of any contractual obligation when he was reinstated in 2003, or thereafter.

V

**Defendant Thomas Is Not Entitled
to Qualified, or Statutory, Immunity**

The Reply makes no argument that Defendant Thomas had the legitimate discretion to entrust Plaintiff Guillory, a school

child, to Defendant Parker, who Thomas knew posed a significant risk of sexually abusing Plaintiff Guillory and other students.

The Defendants' Reply does argue "Guillory has not provided any evidence establishing a violation of her constitutional rights in the first instance." In persisting in this argument the Defendants ignore that Defendant Parker has pled guilty to sexually assaulting, and having a felonious inappropriate relationship with, Plaintiff and that such sexual abuse by a school teacher has been held to violate the constitutional rights of the student in <u>Doe v. Taylor ISD</u>, 15 F.3d at 455. This case was cited in Plaintiff's Amended Complaint and in her Response, yet the Defendants have not addressed it.

The Defendants' Reply also argues that Defendant Thomas' actions were merely inept, erroneous, ineffective or negligent, but not deliberately indifferent. Other than this inappropriately self-serving characterization, the Defendants have provided no legal authority or evidence suggesting that it was "objectively reasonable" for Defendant Thomas to put Defendant Parker back in the high school where he could sexually abuse students, including Guillory.

The Defendants' Reply also fails to address Thomas' joint liability for Parker's sexual assault on Plaintiff under the Restatement (2nd) of Torts, § 876(c).

# VI

## Conclusion

FOR THE REASONS DESCRIBED ABOVE and in Plaintiff's Response, the Defendants' Motion for Summary Judgment should be, in all things, DENIED.

<pre>
                              Respectfully submitted,

                              /S/ TIMOTHY B. GARRIGAN
                    By:       _____
                              Timothy B. Garrigan
                              Bar Card No. 07703600
                              Attorney for Plaintiff

                              Stuckey, Garrigan & Castetter
                              2803 North Street
                              P.O. Box 631902
                              Nacogdoches TX 75963-1902
                              936-560-6020  FAX: 936-560-9578
                              tim@sgclaw.org
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that I have served all parties of record in this case including the following with a true and correct copy of the foregoing Plaintiff's Surreply Regarding the Defendants' Motion for Summary Judgment by sending same electronically and/or via FAX/hand delivery/U. S. mail, postage prepaid:

Melody G. Chappell
Wells, Peyton, Greenberg & Hunt
P.O. Box 3708
Beaumont TX 77704

Ferguson Parker, Jr.
4345 Arthur Lane
Beaumont TX 77708

on this the _1st day of May, 2008.

<pre>
                              /S/ TIMOTHY B. GARRIGAN
                              _____
                              Timothy B. Garrigan
</pre>