IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | No. 9:07CV163 |
| | § | |
| BEAUMONT INDEPENDENT SCHOOL | § | |
| DISTRICT, ET AL. | § | |
|     Defendants | | |

# ORDER

This civil rights case is assigned to Chief District Judge Thad Heartfield. On May 13, 2008, the parties contacted the undersigned for a ruling on a discovery dispute between the parties. Specifically, Plaintiff was taking the deposition of Defendant Superintendent Thomas as an individual and Rul3 30(b)(6) witness designated by Defendant Beaumont Independent School District ("BISD"). During Defendant Thomas' deposition, Plaintiff initiated a "hotline" call, asserting Defendant Thomas appeared unprepared or unwilling to provide testimony regarding certain designated topics, namely the identity of other children within the school district who had reported sex abuse.

After the "hotline" hearing, the undersigned directed Defendant Thomas to provide testimony regarding his personal knowledge on the subject matter and requested the parties submit briefing regarding the discoverability of the identity of other children who reported sex abuse. The Court ordered Plaintiffs to file an expedited response to Defendants' motion. The parties have filed briefing on the issue, and the undersigned now rules on the briefing submitted by the parties.

In this case, Whitney Guillory ("Plaintiff"), a former student of BISD, alleges Defendant Ferguson Parker, Jr., a former band teacher at BISD, sexually abused her between her sophomore

year in 2003 until her senior year in 2004. Plaintiff alleges, among other things, that during Defendant Thomas' tenure as Superintendent with BISD, the school district has been plagued with numerous instances of publicly reported sexual misconduct. According to Plaintiff, there are liability issues as to whether BISD and Thomas had actual notice that Parker posed a significant risk of sexually abusing children and whether BISD and Thomas were deliberately indifferent to the risk of sex abuse at BISD.

Therefore, on May 6, 2008, Plaintiff issued a deposition notice pursuant to FED. R. CIV. P. 30(b)(6), requesting testimony about the circumstances and substance of reports of sexual misconduct at BISD, including information about the persons making the reports. Defendant BISD designated Defendant Thomas to testify, but he was unwilling or unprepared to identify the children by name. Although Plaintiff has not made a formal request by Interrogatory or by Request for Production, Plaintiff has repeatedly requested by letter and telephone that BISD and Thomas disclose records reflecting other reported instances of sexual misconduct at BISD, and BISD's responsive action, if any.

Defendants BISD and Thomas have disclosed documents to Plaintiff regarding reports made by other students against Defendant Parker. However, Defendants BISD and Thomas objected to Plaintiff's request for the disclosure of "other instances of sexual misconduct," asserting it is not relevant to the claims and defenses in this action. Defendants further assert the request calls for the disclosure of confidential information concerning current and/or former students of BISD, and disclosure of the requested information will embarrass and violate the rights of third parties.

Chief Judge Heartfield's Scheduling Order dated January 9, 2008 requires the parties to disclose all documents in the possession, custody, or control of the disclosing party that are relevant

2

to the claims and defenses of any party. Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

Here, the Court finds relevant Plaintiff's request for records reflecting other reported instances of sexual misconduct at BISD, and Defendants' responsive action, if any. The Court finds persuasive Defendants' argument that the responsive documents may contain embarrassing and confidential information of third parties. Therefore, the Court will allow Defendants BISD and Thomas to redact any names or identifying words or descriptions of the students or former students who reported any sexual misconduct. The Court's intention is to protect the identity of those individuals while allowing Plaintiff to discover other reported instances of sexual misconduct, if any, within the school district. Accordingly, it is

**ORDERED** that Defendants BISD and Thomas shall produce to Plaintiff, within twenty days from the date of entry of this Order, redacted records reflecting other reported instances of sexual misconduct at BISD, and Defendants' responsive action, if any.

**SIGNED this 4th day of June, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE