UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY, | § | |
| | § | |
| vs. | § | CASE NO. 9:07-CV-163 |
| | § | |
| BEAUMONT INDEP. | § | |
| SCH. DIST., ET AL. | § | |

## ORDER

This order memorializes the rulings made by the court during the July 3, 2008, telephonic discovery hotline hearing. In this case, the plaintiff accuses her former high school Band Director, Mr. Parker, of sexually abusing her while she was a student within the Beaumont Independent School District ("BISD"). In her complaint, the plaintiff contends that this abuse violated her rights as provided by 20 U.S.C. § 1681 (a) ("Title IX"), and has asserted these Title IX claims against BISD, along with claims under 42 U.S.C. § 1983.

The instant hotline issue is one of privilege that arose during the deposition of a fact witness that was identified by the BISD pursuant to this court's disclosure requirements. During the deposition, the plaintiff's counsel asked the witness to describe any discussions she has had with counsel for BISD. This question prompted a timely objection from the BISD's counsel on the basis that the requested information was subject to the attorney-client privilege. During the telephonic hearing, the plaintiff contended that there was no attorney-client privilege between the witness and the BISD because the witness was an employee of the BISD, outside of the class of employees protected by the attorney-client privilege. Counsel for the BISD did not refute the plaintiff's contentions in this regard, but maintained her objection to the plaintiff's line of questioning. Upon consideration of the parties' arguments, the court found that the BISD failed to show that the

privilege applied to communications between BISD's counsel and this witness.  The court then overruled the BISD's objection, and instructed the witness to answer the plaintiff's question.

SIGNED this 3rd day of July, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE